# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:17-cv-00075-FDW

| | |
|---|---|
| DAVID ELI BURTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| SCOTT ALLEN, et al., ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** is before the Court on initial review of Plaintiff's pro se Amended Complaint, filed under 42 U.S.C. § 1983, (Doc. No. 7). See 28 U.S.C. §§ 1915(e); 1915A. On April 25, 2017, the Court entered an order waiving the initial filing fee and directing monthly payments to be made from Plaintiff's prison account. (Doc. No. 6.) Thus, Plaintiff is proceeding in forma pauperis. Also before the Court is Plaintiff's Motion to Appoint Counsel. (Doc. No. 8.)

## I. BACKGROUND

Pro se Plaintiff David Eli Burton is a pre-trial detainee currently incarcerated at the Buncombe County Detention Center in Asheville, North Carolina. Plaintiff filed this action on March 10, 2017, pursuant to 42 U.S.C. § 1983. Plaintiff alleges that, during his incarceration at Buncombe County Detention Center ("the jail"), jail officials have denied him access to legal research, access to counsel, access to the courts, and medical attention for his "serious medical needs." (Am. Compl. 3-6, Doc. No. 7.) He also alleges that jail officials have retaliated against him for filing grievances regarding these matters. (Am. Compl. 5.)

Plaintiff has named the following as Defendants in the Amended Complaint: (1) Scott Allen, identified as the official responsible for operation of the Buncombe County Detention

Center; (2) FNU Barber, identified as a shift lieutenant at the jail; (3) FNU Wilhelm, identified as a shift lieutenant at the jail; (4) FNU Woods, identified as a shift lieutenant at the jail; (5) Van Duncan, identified as the Sheriff of Buncombe County; and (6) the Buncombe County Detention Center.  Specifically, Plaintiff alleges that between November 8, 2016, and November 22, 2016, he made eight requests for legal research, but was only provided research for two of the requests because jail policy limits inmates to two legal research requests a month.  Petitioner asserts that, as a consequence, he has missed important pre-trial motions deadlines and has been unprepared to make intelligent decisions about his defense.  (Am. Compl. 4.)  Petitioner alleges further that between November 22, 2016 and the filing of his Amended Complaint, he was denied basic "legal tools," such as paper, pencils, stamps, and notary services, which rendered him unable to challenge the legality of prior convictions in two other counties.  (Am. Compl. 5.)  Additionally, Plaintiff alleges he has been denied "access to counsel" due to jail policy limiting inmates to one "public defender envelope" per week.  (Am. Compl. 5.)  Plaintiff further alleges that he is routinely denied grievance forms in retaliation for filing grievances.  (Am. Compl. 5.)

Finally, Plaintiff alleges that he is routinely denied medical treatment for his Hepatitis C and that he has been denied dental treatment for his painful, decaying teeth.  (Am. Compl. 6.) He also alleges he has been denied prescription eye glasses.  (Am. Compl. 6.)

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted."  28 U.S.C. § 1915(e)(2).  Furthermore, under § 1915A the Court must identify and dismiss the complaint, or any portion of the complaint, if it is frivolous, malicious, or fails to state a claim upon which relief may be granted;

or seeks monetary relief from a defendant who is immune to such relief.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). While a pro se complaint must be construed liberally, see Haines v. Kerner, 404 U.S. 519, 520 (1972), the liberal construction requirement will not permit a district court to ignore a plaintiff's clear failure to allege facts which set forth a claim that is cognizable under federal law, see Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

### III. DISCUSSION

As an initial matter, the Buncombe County Detention Center is not a distinct legal entity capable of being sued, nor is it a "person" within the meaning of 42 U.S.C. § 1983. See Monell v. Dep't. of Soc. Servs., 436 U.S. 658, 688 & n.55 (1978) (noting that, for purposes of § 1983 action, a "person" includes individuals and "bodies politic and corporate"); FED. R. CIV. P. 17(b). Consequently, the Court shall dismiss Buncombe County Detention Center as a defendant in this action.

As to Plaintiff's claims regarding access to legal materials, including research, paper, pens, pencils, envelopes, stamps, and notary services, the Supreme Court has held that the right of access to the courts "requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." Bounds v. Smith, 430 U.S. 817, 828 (1977). The right of access to the courts, however, only requires that prisoners have the capability of bringing challenges to sentences or conditions of confinement. See Lewis v. Casey, 518 U.S. 343, 356-57 (1996). Moreover, as a jurisdictional requirement flowing from the standing doctrine, the

prisoner must allege an actual injury. See id. at 349. "Actual injury" is prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or present a non-frivolous claim. See id.

With respect to Plaintiff's retaliation claim, although he does not name the constitutional right at issue, he contends that the form of retaliation "precludes [him] from redressing the government in regards to the conditions of [his] confinement and other civil rights matters." (Am. Pet. 5.) The First Amendment's Petition Clause guarantees individuals the right "to petition the Government for a redress of grievances." U.S. Const. amend. I. "[A] 'public official may not misuse his power to retaliate against an individual for the exercise of a valid constitutional right.'" Booker v. S.C. Dep't of Corr., 855 F.3d 533, 540 (4th Cir. 2017) (quoting Trulock v. Freeh, 275 F.3d 391, 405 (4th Cir. 2001)). "Thus, if an inmate exercises his First Amendment right when he files a prison grievance, retaliation against him for doing so is unconstitutional." Booker, 855 F.3d at 540.

Finally, as to Plaintiff's claim that he is denied medical care, "[p]retrial detainees, like inmates under active sentence, are entitled to medical attention, and prison officials violate detainee[s'] rights to due process when they are deliberately indifferent to serious medical needs." Hill v. Nicodemus, 979 F.2d 987, 991 (4th Cir. 1992) (internal quotation marks omitted). A serious medical need is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Iko v. Shreve, 535 F.3d 225, 241 (4th Cir. 2008) (internal quotation marks omitted). "An officer is deliberately indifferent only when he 'knows of and disregards' the risk posed by the serious medical needs of the inmate." Iko, 535 F.3d at 241 (quoting Farmer v. Brennan, 511 U.S. 825, 837 (1994)).

Here, taking as true Plaintiff's allegations, and construing all inferences in his favor, the Court finds that Plaintiff's claims survive initial review in that they are not clearly frivolous.[1] As such, the Court will order that process be served on Defendants.

IV. **MOTION FOR APPOINTMENT OF COUNSEL**

In support of his motion, Plaintiff states that he is indigent and incarcerated. He also contends that the issues involved in this case are complex and that his case will likely involve substantial investigation and discovery. (Doc. No. 8.)

There is no absolute right to the appointment of counsel in civil actions such as this one. Therefore, a plaintiff must present "exceptional circumstances" in order to require the Court to seek the assistance of a private attorney for a plaintiff who is unable to afford counsel. Miller v. Simmons, 814 F.2d 962, 966 (4th Cir. 1987). Notwithstanding Plaintiff's contentions to the contrary, this case does not present exceptional circumstances that justify appointment of counsel. Accordingly, Plaintiff's Motion to Appoint Counsel will be denied.

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's allegations survive initial review, see 28 U.S.C. §§ 1915(e)(2), 1915A;

2. Plaintiff's Motion for Appointment of Counsel (Doc. No. 8) is **DENIED**;

3. Defendant Buncombe County Detention Center is **DISMISSED** from this action; and

4. Using the summonses provided by Plaintiff, the Clerk shall prepare process for delivery and notify the United States Marshal who, pursuant to Fed. R. Civ. P.

---

[1] This holding merely finds, for the purposes of initial review, that Plaintiff's allegations pass a "frivolity" test. This order does not preclude Defendants from filing a motion to dismiss for failure to state a claim under Rule 12(b)(6), or based on any other defenses.

4(c)(3), shall serve process upon the named Defendants.

**SO ORDERED.**

Signed: July 5, 2017

Frank D. Whitney
Chief United States District Judge